**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **16-05655-jw**

## ORDER DENYING MOTION TO RECONSIDER

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**03/16/2017**



*John E Waites* (signature)

US Bankruptcy Judge
District of South Carolina

Entered: 03/16/2017

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 16-05655-JW |
| | Chapter 11 |
| Eric James De Weerd and Danielle Marie Sirianni-De Weerd, | **ORDER DENYING MOTION TO RECONSIDER** |
| Debtors. | |

This matter comes before the Court upon the Motion to Reconsider the Order Granting Motion for Relief from Stay ("Motion to Reconsider") filed by Eric James De Weerd and Danielle Marie Sirianni-De Weerd ("Debtors"). An objection to the Motion to Reconsider was filed by Ally Bank, and a hearing was held. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core matter pursuant to 28 U.S.C. § 157. Pursuant to Fed. R. of Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.[1]

## **FINDINGS OF FACT**

1.      On October 31, 2012, Debtors executed a note and mortgage ("Mortgage Debt"), which were subsequently transferred to Ally Bank. The Mortgage Debt secures Debtors' principal residence, better known as 4 McIntosh Road, Hilton Head Island, South Carolina ("Subject Property").

2.      On November 7, 2016, Debtors filed *pro se* a petition for relief under chapter 11 of the Bankruptcy Code.

---

[1]      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

1

3.    On December 16, 2016, Ally Bank filed a motion for relief from stay ("Motion for Relief") as to Subject Property. In the Motion for Relief, Ally Bank asserted that cause exists to lift the automatic stay based on Debtors' failure to make payments on the Mortgage Debt since September of 2015.

4.    The Motion for Relief included a Notice of Motion for Relief ("Notice of Motion"), indicating that: (a) a hearing is scheduled for the Motion for Relief on January 18, 2017; (b) within 14 days after service of the Motion for Relief, any objection to the motion should be filed; and (c) the failure to file an objection to the Motion for Relief may result in the denial of the opportunity to appear and be heard on the motion.

5.    Attached to the filed Motion for Relief was a certificate of service indicating that on December 16, 2016, Jodie Brull, an employee of Ally Bank's counsel, served Debtors by mailing a copy of the Notice of Motion, Motion for Relief and corresponding certification of facts through the United States Postal Service, with sufficient postage affixed, to the following addresses:

Eric James De Weerd
4 McIntosh Road
Hilton Head Island, SC 29926

Danielle Marie Sirianni-De Weerd
4 McIntosh Road
Hilton Head Island, SC 29926.

6.    In late December 2016, Debtors were aware of the pending Motion for Relief, and corresponded with counsel for Ally Bank about a continuance of the hearing on the Motion for Relief scheduled for January 18, 2017. On December 29, 2016, a request to continue the hearing on the Motion for Relief was filed by Ally Bank seeking a

continuance of the hearing to February 1, 2017. The continuance request stated that "Debtor[s] requested a continuance to retain counsel."

7.      The Court entered an Order Granting the Request to Continue on December 29, 2016.

8.      On January 25, 2017, counsel for Ally Bank filed a Certification of Default Regarding Motion for Relief from the Automatic Stay and Request for Order Lifting the Automatic Stay ("Certification of Default"). The Certification of Default asserted that no party had filed a response to the Motion for Relief and that Ally Bank sought an order granting the Motion for Relief.

9.      On January 25, 2017, the Court entered an Order Granting Motion for Relief from Stay ("Order Granting Relief"), which permitted Ally Bank to proceed with its state court remedies against the Subject Property.

10.     On January 26, 2017, Debtors filed the Motion to Reconsider, asserting that: (a) they had not received a copy of the Motion for Relief, (b) they intended to request an additional continuance of the hearing, (c) they had attempted to contact Ally Bank's counsel but he was non-responsive, and (d) the loss of Subject Property through a foreclosure sale would result in the loss of significant equity.

11.     On February 8, 2017, Ally Bank filed an objection to the Motion to Reconsider.

12.     At the hearing on the Motion to Reconsider, Eric De Weerd testified that he did not recall receiving a notification that he needed to object to the Motion for Relief and that it was his belief that the continuance of the hearing delayed the time to object. He

further asserted that the property has significant equity that would protect Ally Bank's interest.

13.     Counsel for Ally Bank asserted that his office properly served the Motion for Relief and that after December 29, 2016, he received no communication from Debtors. In addition, Ally Bank submitted an email correspondence between Eric De Weerd and Ally Bank's counsel into evidence.

## CONCLUSIONS OF LAW

A motion to reconsider is not recognized by the federal rules, and courts generally treat such motions as motions pursuant to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). See In re Wiles, C/A No. 08-00250, slip op. at 5 (Bankr. D.S.C. April 14, 2008). As Debtors filed the Motion to Reconsider the day after the entry of the Order Granting Relief, the Court will consider the Motion to Reconsider under Fed. R. Civ. P. 59(e). See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011) (construing a motion to reconsider as a Rule 59(e) motion when it was filed less than 10 days after the entry of the judgment); In re Lee, C/A No. 10-07833-jw, slip op at 2 (Bankr. D.S.C. April 22, 2011) ("Because Debtor filed the Motion within 14 days of the entry of the judgment in accordance with Rule 59(e) and Fed. R. Bankr. P. 9023, the Court will construe the motion as a motion arising under Rule 59(e).").

"The Fourth Circuit has recognized three grounds upon which a motion to alter or amend a judgment [under Rule 59(e)] may be granted: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Lee, C/A No. 10-07833-jw, slip op. at 2  (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.

1998)). Debtors do not assert a change in controlling law, the discovery of new evidence not previously available or a correction of a clear error of law; therefore, it appears Debtors' Motion to Reconsider under Fed. R. Civ. P. 59(e) is based on an alleged prevention of manifest injustice.

Debtors have asserted that the Order Granting Relief should be reconsidered because: (1) they did not receive a copy of the Motion for Relief, (2) it was their belief that the deadline to object to the Motion for Relief was extended upon the continuance of the hearing on the Motion for Relief and (3) the Order Granting Relief will result in Debtors losing equity in the Subject Property at a foreclosure sale. While not directly raised by Debtors, the Court will consider Debtors' assertions as an argument that there has been a manifest injustice upon the entry of the Order Granting Relief.   "To establish manifest injustice, [the Movant] must show that it acted with diligence and that it stands to suffer injury that is 'direct, obvious, and observable,' rather than mere potential prejudice." Hartford Cas. Ins. Co. v. Farley Assocs. Inc., C/A No. 0:13-547-CMC, 2014 WL 4219953, slip op. at *5 (D.S.C. Aug. 25, 2014) (citing Ciralsky v. CIA, 355 F.3d 661 (D.C. Cir. 2001); Register v. Cameron and Barkley Co., 481 F.Supp.2d 479, 480 (D.S.C. 2007)).

*Service of the Motion for Relief*

Debtors assert that they did not receive a copy of Ally Bank's Motion for Relief. Under Fed. R. Bankr. P. 9006(e), service of a motion for relief "is complete on mailing." Courts hold that mailing creates a presumption of receipt.  See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 735 (5th Cir. 1995) (stating the "rule implies that correctly mailed notice creates a presumption of proper notice"); Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 207 (9th Cir. 1991) (indicating "mail that is

5

properly addressed, stamped, and deposited into the mails is presumed to be received by the addressee)). Typically, a mere denial of receipt by the debtor does not rebut the presumption of proper notice. Moody, 951 F.2d at 207 (citing In re American Properties, 30 B.R. 247, 250 (Bankr. D. Kan. (1983)). The presumption created by mailing is only overcome by evidence that the mailing was not, in fact, accomplished. Greyhound, 62 F.3d at 735. Therefore, the focus is on whether the sender properly mailed the notice, not whether the intended recipient received it. Id. To determine whether mailing was accomplished, "courts may consider whether the notice was correctly addressed, whether proper postage was affixed, whether it was properly mailed, and whether a proper certificate of service was filed." Id. (citing Osborn v. Ricketts (In re Ricketts), 80 B.R. 495, 498 (9th Cir. BAP 1987)).

At the hearing, Eric De Weerd testified that the address listed on Ally Bank's certificate of service was Debtors' correct address for receiving mail. No evidence was presented that the Motion for Relief was improperly mailed. Further, the properly filed certificate of service indicates that a copy of the Motion for Relief was mailed through the United States Postal Service with sufficient postage affixed. Eric De Weerd's testimony that he did not receive the mailed copy of the Motion for Relief alone is not sufficient to rebut this presumption of service. See In re Perkins, C/A No. 10-03041-JW, slip op. at 6 (Bankr. D.S.C. Feb. 8, 2011). With no evidence to the contrary, the Court finds that the Motion for Relief was properly served on Debtors. Further, it appears that Debtors requested a continuance of the Motion for Relief, which evidences that they were aware of the pending motion several weeks before Ally Bank filed its Certification of Default.

Therefore, the Court does not find that there has been a manifest injustice as the Motion for Relief was properly served on Debtors.

*Extension of the Objection Deadline*

As a further defense to their default, Debtors assert that they were under the belief that the objection deadline was extended when the hearing on the Motion for Relief was continued. However, both the Notice of Motion served with the Motion for Relief and the local bankruptcy rules for this District are clear that an objection was due 14 days from the date the motion was served. The Notice of Motion served in this case parallels the language of the local bankruptcy rules regarding objection procedures for motions for relief from stay:

**(a) Motions for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(a).**

. . .

(2) **Objections.** Any party objecting to the relief sought in the motion [for relief] shall, within fourteen (14) days after service thereof, serve upon the movant and other appropriate parties and file with the Court an objection to the motion and its responding certification of facts. Failure to complete, serve, and file a responding certification of facts, or to complete fully the certification of facts shall be deemed an agreement to the terms contained in the movant's certification.

(3) **Default on Motion.** If no objection is filed and served upon the movant within fourteen (14) days after service of [the motion for relief,] the movant shall submit a proposed order reciting the absence of objections and granting the relief sought.

SC LBR 4001-1.[2]

---

[2]    Further, SC LBR 9014-1(d) provides that in contested matters, "[i]f no objection is filed within the applicable time period, the Court may grant the movant relief without further hearing." In addition, the local rules provide that without court approval, any extension of time to file an objection is not effective. See SC LBR 9014-1(e).

7

As previously discussed, the Motion for Relief was properly served. In addition to the Motion for Relief, Ally Bank also served a Notice of Motion, which was in substantial conformance with Exhibit A of SC LBR 4001-1.[3] The Notice of Motion clearly indicated that to be heard on the Motion for Relief, Debtors had to file an objection within 14 days of service of the motion, and that failure to object might result in Debtors being denied the opportunity to appear and be heard on the motion.

Further, while the Court continued the hearing on the Motion for Relief, the Court never approved or granted an extension of the objection deadline for the motion.[4] Therefore, according to the plain language of the notice, Debtors were required to file an objection to the Motion for Relief by January 3, 2016. Debtors never filed an objection to the Motion for Relief.[5]

While Debtors are acting *pro se*, they must still abide by the court-imposed deadlines, and incur the same consequences as counsel when they have failed to do so. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines."). While Debtors are

---

[3]    Exhibit A of SC LBR 4001-1 provides an example of the notice of motion for relief that should be served with a motion for relief.

[4]    Debtors' Motion to Reconsider alleges that Debtors also had planned to request an additional continuance of the continued hearing. However, an additional continuance would not have modified the objection deadline on the Motion for Relief, and Debtors would have remained in default of that motion.

[5]    The Court also notes that more than three weeks passed between the expiration of the objection deadline and the filing of the Certification of Default, in which the Debtors could have sought relief from their default.

free to elect to proceed *pro se* in this matter, they must also accept the responsibilities and
consequences of proceeding *pro se*, including being held in default when they have missed
a court-imposed deadline due to a mistaken belief. [6]   In short, the entry of the Order
Granting Relief resulted from Debtors' failure to exercise due diligence in filing an
objection, which is clearly required under the Court's procedures and the local rules.
Therefore, the Court does not find that there has been a manifest injustice to warrant
reconsidering the Order Granting Relief.

### Alleged Equity in the Subject Property

Debtors' allege that as a result of the entry of the Order Granting Relief, they will
lose significant equity upon the foreclosure sale of the Subject Property.[7] As previously
discussed, to demonstrate that there has been a manifest injustice, Debtors must show not
only that they acted with diligence, but that they have suffer a direct, obvious and
observable injury, rather than merely potential prejudice.

---

[6]    Since shortly after the commencement of this case, the Court has advised Debtors a number of times
about the importance of retaining counsel to protect their interests. Debtors have indicated on multiple
occasions that they are close to retaining counsel. However, the case has now been pending for four months,
and Debtors have yet to retain counsel. At the hearing Eric De Weerd indicated that he is receiving assistance
from a friend who is an attorney. As no notice of appearance has been filed by an attorney in this case, the
Court is troubled that Debtors, who assert that they are acting *pro se* and are therefore seeking deference, are
receiving undocumented assistance from counsel.

[7]    Debtor's arguments regarding the alleged equity in the Subject Property appear to be a defense to
the Motion for Relief. While the existence of an equity cushion can serve as a defense to a motion for relief,
such a defense is not considered when determining a Rule 59(e) motion. See Robinson v. Wix Filtration Corp.
LLC, 599 F.3d 403, 410 n. 9 (4th Cir. 2010) ("[The consideration of a meritorious defense] has never before
been extended to Rule 59(e) motions[,] . . . [and] requiring a district court to consider a meritorious opposition
in its manifest injustice analysis would invert the Rule 59(e) process."). The Fourth Circuit in Robinson
further noted that it is "concerned that [considering a meritorious defense in a Rule 59(e) analysis] would
discourage compliance with the Federal Rules. There would be no incentive for a party to ever respond to a
motion . . . because if he lost, he would always have a second bite at the apple through a Rule 59(e) motion."
Id. Therefore, the Court will not consider Debtors' assertions that the alleged equity cushion would protect
Ally Bank's interest in determining the Motion to Reconsider.

9

As an initial matter, the Court finds that Debtors' alleged loss of any equity in the Subject Property would result from Debtors' failure to act with diligence when they did not object to the properly served Motion for Relief. When considering Debtors' own failure to act, this alleged loss of equity alone would not amount to a manifest injustice. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 408–10 (4th Cir. 2010) (upholding a district court's denial of a Fed. R. Civ. P. 59(e) motion after summary judgment was granted in favor of the defendants when plaintiff's counsel failed to timely file a response to the motion because of computer issues that were within counsel's control to resolve); Ciralsky, 355 F.3d at 673 (upholding a district court's conclusion that "manifest injustice does not exists where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered").

Further, the alleged loss of equity represents merely a potential prejudice to Debtors. Without a completed foreclosure sale, it is unclear when the Subject Property would be sold and at what price. There is a possibility that a foreclosure sale could result in surplus funds (the amount of the sale price in excess of the liens on the Subject Property), which would be paid to Debtors. In short, Debtor's alleged injuries are at this time speculative and do not amount to a manifest injustice.

The Court also notes that the entry of the Order Granting Relief does not preclude Debtors' ability to rehabilitate their financial affairs and retain the Subject Property. While the automatic stay has been lifted as to Ally Bank and it is permitted to pursue its state court remedies, Debtors may continue to pursue the confirmation of a chapter 11 plan that treats Ally Bank's claim. If Debtors are able to confirm a chapter 11 plan prior to a foreclosure sale, Ally Bank would be bound by the *res judicata* effect of the confirmed

10

plan. A review of the public records for the Court of Common Pleas in Beaufort County shows that neither a hearing has been held nor a judgment has been entered in the foreclosure action between Ally Bank and Debtors.[8] Therefore, in regards to a foreclosure sale of the Subject Property, it appears that Debtor have at least some time to propose and potentially confirm a chapter 11 plan that treats Ally Bank's claim.

For all of these reasons, Debtors have not satisfied their burden of demonstrating that the entry of the Order Granting Relief resulted in a manifest injustice; and therefore, the Court does not find that the Order Granting Relief should be reconsidered.[9]

## **CONCLUSION**

For the foregoing reasons, the Court denies Debtor's Motion to Reconsider the Order Granting Relief.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
March 16, 2017

---

[8]     The Court takes judicial notice of the docket in <u>Ally Bank v. Eric Deweerd, et al.</u>,(C/A No. 2016-CP-07-00318), which is currently pending in the Court of Common Pleas for Beaufort County, South Carolina.

[9]     As Debtors brought the Motion to Reconsider the day after the Court's entry of the Order Granting Relief, the Motion to Reconsider should be considered under the requirements of Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023. <u>See</u> <u>Robinson</u>, 599 F.3d at 412 ("We have squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment."). Nonetheless, the Court has additionally considered the Motion to Reconsider under Fed. R. Civ. P. 60(b) and finds that no relief would be afforded to Debtors under Fed R. Civ. P. 60(b).